**Electronically Filed
Intermediate Court of Appeals
30261
21-FEB-2013
10:02 AM**

NO. 30261

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


RICHARD DALE DENNIS, Plaintiff-Appellee, v.
FELICIA DAWN DENNIS, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 06-1-3980)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Felicia Dawn Dennis ("Mother") appeals from the December 3, 2009 Order Re Plaintiff's Motion for Award of Attorney's Fees and Costs and Other Expenses, Etc. Filed September 25, 2009 and Defendant's Motion for Attorney's Fees Filed October 15, 2009 ("Order"), filed in the Family Court of the First Circuit ("Family Court").[1]

The Order awarded Plaintiff-Appellee Richard Dale Dennis ("Father") $4,628.56 in attorneys' fees and costs, and $4,735.82 in additional costs, incurred by Father in securing the return of the parties' minor children from New Mexico in November 2008 (the "November 2008 return incident"). The Order denied certain other expenses sought by Father. The Order further denied Mother's request for an award of attorneys' fees, concluding that Father's request was not frivolous because Father's expenses were "the result of [Mother's] violation of the Court's [R]estraining Order not to remove the minor children from the State [o]f Hawaii; and were reasonable and necessary to retrieve the children and return them to Hawaii."

---

[1]    The Honorable William J. Nagle, III, presided.

On appeal, Mother contends that the Family Court erred because: (1) res judicata precludes Father from claiming attorneys' fees; (2) Hawaii Revised Statutes ("HRS") § 580-47(f) requires a claim for attorneys' fees to be raised at the hearing on the issues alleged; (3) it did not consider principles of equity when it awarded attorneys' fees and costs to Father; (4) it awarded excessive fees and costs to Father without considering the respective merits, abilities, and conditions of the parties; and (5) it failed to award attorneys' fees and costs to her under Hawai'i Family Court Rules ("HFCR") Rule 11.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mother's points of error as follows:

(1) Res judicata does not bar Father, in his motion dated September 25, 2009, from raising the issue of attorneys' fees and costs related to his efforts to secure his children's return from New Mexico in November 2008. Even if res judicata could apply in this case, the November 2008 return incident was not among the issues raised in the August 7, 2008 motion, the August 25, 2008 motion, or the October 17, 2008 motion, which were the basis for the January 12, 2009 trial. Father's November 2008 return incident-related fees and costs, therefore, were neither actually litigated in the January 12, 2009 trial, nor would they have been properly litigated there.[2] *See Bremer v. Weeks*, 104 Hawai'i 43, 53-54, 85 P.3d 150, 160-61 (2004).

(2) Mother identifies no deadline in the law by which Father had to bring his motion for attorneys' fees and costs related to the November 2008 return incident. Therefore, HRS § 580-47(f) does not bar Father's September 25, 2009 request for

---

[2] Father correctly observes that res judicata is more commonly applied to a prior action, not an earlier hearing in the same lawsuit. Thus, Mother's claim is more akin to "law of the case" which refers to "the usual practice of courts to refuse to disturb all prior rulings in a particular case, including rulings made by the judge himself." *Chun v. Bd. of Trs. of Emps.' Ret. Sys. of State of Hawai'i*, 92 Hawai'i 432, 441, 992 P.2d 127, 136 (2000) (quoting *Wong v. City & Cnty. of Honolulu*, 66 Haw. 389, 396, 665 P.2d 157, 162 (1983)). For the same reasons as discussed above, the law-of-the-case doctrine does not bar litigation of the attorneys' fees issue as part of Father's September 25, 2009 motion.

fees.[3]

(3) Mother contends that it was inequitable to award attorneys' fees to Father when she earns significantly less income than does Father, she is not able to afford a place to live on her own and therefore lives with her parents, and because she will be incurring transportation expenses in her drives from Alabama to Texas in order to exercise her visitation rights with her children. The Family Court found that Father's fees and expenses were reasonable and necessary in order to secure the return of his children from New Mexico which, the court noted, "were the result of [Mother's] violation of the Court's [R]estraining Order not to remove the minor children from the State [o]f Hawaii." In the face of the record evidence related to the November 2008 return incident, Mother has not demonstrated that any further findings were necessary[4] or that the Family Court abused its discretion or disregarded equity in awarding Father his attorneys' fees. *See Chun v. Bd. of Trs. of Emps.' Ret. Sys. of State of Hawai'i*, 106 Hawai'i 416, 431, 106 P.3d 339, 354 (2005); HAW. REV. STAT. § 580-47(f).

(4) Mother's fourth point of error extends her third point of error, arguing additionally that the Family Court's award of attorneys' fees was excessive. For the reasons expressed above, the court did not err.

(5) In light of the fact that the Family Court did not err in awarding Father his attorneys' fees and costs, we observe no basis upon which the court might have erred in failing to award attorneys' fees to Mother under HFCR Rule 11 for the cost of defending against Father's motion.

---

[3]      As part of her argument on this second point of error, Mother appears to challenge six of the conclusions of law adopted by the Family Court in its Findings of Fact and Conclusions of Law, filed February 18, 2010. Mother does not explain how those conclusions relate to the underlying contention that Father's request for fees was not timely made and, for that reason, we deem those challenges to have been waived. Haw. R. App. P. 28(b)(7) (points not argued may be deemed waived).

[4]      Mother argues that *Owens v. Owens*, 104 Hawai'i 292, 88 P.3d 664 (App. 2004), requires that, before awarding attorneys' fees, the Family Court must first consider whether such an award would be inequitable under HRS § 580-47 and make a finding accordingly. *Owens*, however, concerned HFCR Rule 68, *see id.*, which specifically requires such a finding. *See* Haw. Fam. Ct. R. 68. HFCR Rule 68 is not operative here; therefore, *Owens* does not apply.

Therefore, the December 3, 2009 Order Re Plaintiff's Motion for Award of Attorney's Fees and Costs and Other Expenses, Etc., Filed September 25, 2009 and Defendant's Motion for Attorney's Fees Filed October 15, 2009, filed in the Family Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, February 21, 2013.

On the briefs:

Naomi Hirayasu
for Defendant-Appellant

Steven J. Kim
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

4